UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
GREEN BAY DIVISION

CHARITY MALEK,Case No. 14-cv-1540

Plaintiff,

vs.

SUNRISE CREDIT SERVICES, INC.,

Defendant.

# COMPLAINT

NOW COMES Plaintiff Charity Malek, by and through her attorneys, DeLadurantey Law Office, LLC, and complains of Defendant Sunrise Credit Service, Inc. and alleges to the best of her knowledge, information and belief formed after an inquiry reasonable under the circumstances, the following:

## INTRODUCTION

### Nature of the Action

1.This lawsuit arises from the actions and collection attempts of the Defendant Sunrise Credit Service, Inc.

2.Causes of Action herein are brought under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*., and the Wisconsin Consumer Act ("WCA"), Wis. Stat. § 421 *et seq*.

### Jurisdiction and Venue

3.Jurisdiction of this Court arises under 28 U.S.C. § 1331, because the case arises under the laws of the United States. This Court also has jurisdiction pursuant to 15 U.S.C. §

1692k(d), as it is an action to enforce liability created by the FDCPA within one year from the date on which the violation occurred.

4. This Court has supplemental jurisdiction over the claims arising under the Wisconsin Consumer Act under 28 U.S.C. §1367, because the Wisconsin Consumer Act claims are related to the FDCPA claims as they arise under the same set of facts, becoming part of the same case or controversy under Article III of the United States Constitution.

5. Venue in this Court is appropriate pursuant to 28 U.S.C. § 1391(b)(2), because this is where the acts giving rise to the claim occurred.

6. Under 28 U.S.C. § 1391(c), a defendant corporation shall be deemed to reside in any judicial district in which it is subject to personal jurisdiction. Defendant is subject to personal jurisdiction in Wisconsin, since they conduct business in Wisconsin.

### Parties

7. Plaintiff Charity Malek (hereinafter "Ms. Malek") is a natural person who resides in the city of Oshkosh, County of Winnebago, State of Wisconsin.

8. Defendant Sunrise Credit Service, Inc. (hereinafter "Defendant Sunrise") is a debt collector located at 260 Airport Plaza, Farmingdale, NY 11735.

### BACKGROUND

9. Sometime around 2001, Ms. Malek took out a student loan with Citibank.

10. Ms. Malek filed for relief under Chapter 7 of the Bankruptcy Code on July 3, 2014.

11. On August 4, 2014, ownership of the loan was transferred to Arrowood Indemnity Company.

12. Defendant Sunrise is attempting to collect the debt on behalf of Arrowood Indemnity Company.

13. Based on the paperwork that Ms. Malek has received to date, it appears that the loan has been deemed as defaulted and the balance has been accelerated.

14. At no point in time did Ms. Malek receive anything in writing notifying her that the loans were being placed in default, deemed defaulted, or that the principle balance was being accelerated.

## Count 1 – Violations of the Wisconsin Consumer Act (Wis. Stat. § 427)

15. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

16. The student loan of Ms. Malek is a "consumer credit transaction" as defined by Wis. Stat. § 421.301(10).

17. Wis. Stat. § 425.103(1) states that contractual default of a consumer credit transaction is defined by Wis. Stat. § 425.103(2), and that these default terms override any contractual provision to the contrary.

18. If a creditor believes that a consumer credit transaction is in default, they are bound by the provisions of Wis. Stat. § 425.103(3) to provide a statutorily defined "right to cure" found at Wis. Stat. § 425.105 before they can accelerate the credit transaction.

19. To date, Ms. Malek has not received a notice of a right to cure as provided in Wis. Stat. § 425.105.

20. Because Ms. Malek has not been given any notice of an alleged default and an opportunity to cure the alleged default, neither loan may be accelerated and is in fact not accelerated.

21. The amount the Defendant was attempting to collect constitute a "claim" as that term is defined at Wis. Stat. § 427.103(1).

22. Defendant Sunrise engaged in "debt collection" and is deemed "debt collectors" as by Wis. Stat. § 427.103(2) and (3).

23. Defendant Sunrise violated § 425.104(c), (h), and (j) by trying to collect on an accelerated balance and acting as if the balance was accelerated.

24. As a result of each Defendant's illegal conduct, Ms. Malek has suffered emotional distress, embarrassment, helplessness, hopelessness, loss of sleep, frustration, anxiety, and fear.

25. Defendant Sunrise is liable to Plaintiff for actual damages, statutory damages, punitive damages (if the evidence at trial so warrants), actual costs, and attorneys' fees, under Wis. Stat. § 427.105.

## Count 2 – Violations of the Fair Debt Collection Practices Act (15 U.S.C. §1692)

26. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

27. Defendant Sunrise, is a "debt collector" as defined by 15 U.S.C. §1692a(6).

28. Ms. Malek is a "consumer" as defined by 15 U.S.C. §1962a(3).

29. The student loan of Ms. Malek is a "consumer credit transaction" as defined by Wis. Stat. § 421.301(10).

30. Wis. Stat. § 425.103(1) states that contractual default of a consumer credit transaction is governed by Wis. Stat. § 425.103(2), and that these default terms override any contractual provision to the contrary.

31. If a creditor believes that a consumer credit transaction is in default they are bound by the provisions of Wis. Stat. § 425.103(3) to provide a statutorily defined notice of a "right to cure" before they can accelerate the balance.

32. Wis. Stat. § 425.105 requires a consumer be given a right to cure an alleged default before the credit transaction can be accelerated.

33. To date, Ms. Malek has not received the requisite notice and right to cure as required by Wis. Stat. § 425.105 before the credit transaction to be accelerated.

34. Because Ms. Malek was not given notice of the alleged default and an opportunity to cure the alleged default, neither loan may be accelerated and is in fact not accelerated.

35. The foregoing acts and omissions of Defendant Sunrise and their agents constitute numerous and multiple violations of the FDCP including, but not limited to 15 U.S.C. §§ 1692e, 1692e(2), 1692e(5), 1692e(8), 1692e(10), 1692f, 1692f(1) with respect to Plaintiff.

36. Specifically, Defendant Sunrise should not have attempted collection on an accelerated balance on the loans because the loans were not actually accelerated.

37. As a result of each Defendant's illegal conduct, Ms. Malek has suffered emotional distress, embarrassment, helplessness, hopelessness, loss of sleep, frustration, anxiety, and fear.

38. Plaintiff is entitled to actual damages pursuant to 15 U.S.C. §1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. §1692k(a)(3).

## Trial by Jury

39. Plaintiff is entitled to, and hereby respectfully demands a trial by jury on all issues so triable.

WHEREFORE, Ms. Malek respectfully requests that this Court will enter judgment against the Defendants as follows:

A. for an award of actual damages pursuant to 15 U.S.C. §1692k(a)(1);
B. for an award of statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A);
C. for an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. §1692k(a)(3);
D. for an award of actual damages, statutory damages, punitive damages (if the evidence at trial so warrants), actual costs, and attorneys' fees, under Wis. Stat. § 425.105; and
E. for such other and further relief as may be just and proper.

Dated this 10th day of December, 2014.

DeLadurantey Law Office, LLC

/s/ Nathan E. DeLadurantey

Nathan E. DeLadurantey (WI # 1063937)
Heidi N. Miller (WI # 1087696)
735 W. Wisconsin Ave, Suite 720
Milwaukee, WI 53233
(414) 377-0515; (414) 755-0860 - Fax
Nathan@dela-law.com
Heidi@dela-law.com

# VERIFICATION OF COMPLAINT AND CERTIFICATION

STATE OF WISCONSIN       )
                         ) ss
COUNTY OF Winnebago      )

Plaintiff Charity Malek, having first been duly sworn and upon oath, deposes and says as follows:

1. I am a Plaintiff in this civil proceeding.
2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.
3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.
4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.
5. I have filed this civil Complaint in good faith and solely for the purposes set forth in it.
6. Each and every exhibit I have provided to my attorneys which has been attached to this Complaint is a true and correct copy of the original.
7. Except for clearly indicated redactions made by my attorneys where appropriate, I have not altered, changed, modified, or fabricated these exhibits, except that some of the attached exhibits may contain some of my own handwritten notations.

*Charity Malek*
Charity Malek

Subscribed and sworn to before me
this 10th day of December, 2014.

*[signature]*
Notary Public
My commission expires: is permanent